**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| Vivian Robinson, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:08-2532-CMC-JRM |
| ) | |
| v. ) | |
| ) | |
| Worsley Companies in Sumter SC, ) | **REPORT AND RECOMMENDATION** |
| also known as Young's, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

*Pro se* Plaintiff, Vivian Robinson ("Robinson"), filed this case on July 14, 2008, alleging that she was terminated by her former employer for unlawful reasons.[1] The case was brought into "proper form" and the undersigned issued an order on August 19, 208 authorizing service of process on the Defendant based on the information provided by Robinson on Form USM-285. The return shows that the United States Marshal attempted service on "Young's Worsley Corp., 1165 Guignard Dr., Sumter, South Carolina 29150." The return shows that the process was received by Georgia Wilson on September 8, 2008. When no answer was filed and no further activity in the case occurred, the undersigned issued an order dated November 4, 2008, explaining service requirements to Plaintiff and requiring her to show by a date certain that she had taken action to prosecute her case or risk dismissal pursuant to Rule 41, Fed.R.Civ.P. Robinson filed a response on November 13, 2008, generally stating her desire to recover damages.

Robinson has not moved for default nor has she provided the United States Marshal with a

---

[1]It is not clear, but Robinson appears to allege age, gender, and race discrimination. Pretrial matters were automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(e), D.S.C.

new Form USM-285 so that service could be properly effected on the Defendant in this case. *See* Order of November 4, 2008, p. 2, n. 2. It is, therefore, recommended that this case be **dismissed** without prejudice pursuant to Rule 4, Fed.R.Civ.P., and Local Rule 4.01, D.S.C., as well as Rule 41(b), Fed.R.Civ.P.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

June 11, 2009

**The parties are referred to the Notice Page attached hereto.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).