```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF SOUTH CAROLINA
                         COLUMBIA DIVISION
```

| | |
|---|---|
| VIVIAN ROBINSON, ) | C.A. No. 3:08-2532-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| ) | DISMISSING ACTION |
| ) | WITHOUT PREJUDICE |
| WORSLEY COMPANIES IN SUMTER, SC, ) | |
| also known as YOUNG'S, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on June 11, 2009. For the reasons set forth below, the Report is adopted as modified below and this action is dismissed without prejudice.

### STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Through this action, Plaintiff, who is proceeding *pro se*, seeks recovery for alleged wrongful termination of her employment. Although not entirely clear, she appears to allege that she was terminated based on her age, gender and race. *See* Complaint at 4; Report n. 1. Plaintiff has, however, failed to properly advance this action either by properly effecting service or by seeking a default judgment in light of Defendant's failure to answer (assuming service was proper).

The Magistrate Judge drew these concerns to Plaintiff's attention by order entered November 6, 2008. Dkt. No. 15 (raising concerns regarding possible defects with service but focusing on Plaintiff's failure to prosecute the action).[1] That order concluded by setting a deadline for Plaintiff to show "that she has taken action to advance the case or show cause why the case should not be dismissed for lack of prosecution." Dkt. No. 15 at 2.

Plaintiff responded with a single page letter in which she indicated her desire to pursue her claims, but provided no indication that she had taken action to advance the matter. She also suggested a belief that Defendant may not have been properly served. *See* Dkt. No. 17 ( "I would like to do whatever I can to see them served, I know what they done to me was wrong. I want to get the money they made me loose by letting me go so unfair.").

Faced with the above, the Magistrate Judge recommended that the action be dismissed under Fed. R. Civ. P. 4 and 41(b), as well as under Local Civil Rule 4.01. Thus, the Magistrate Judge recommended dismissal *both* because of a failure of service and a failure to prosecute. Plaintiff was

---

[1] This order noted the requirements for service of process and possible concerns with the address and party name which Plaintiff had provided for the purpose of effecting service. Nonetheless, the order made no determination as to whether service was proper. Dkt. No. 15 at 2. The order then noted that, presuming service had been properly made, the time for answering had expired but no motion for default had been filed and no other apparent action had been taken to advance the matter. *Id.*

2

advised of her right to object to this recommendation.

No objection has been filed despite passage of the time allowed for such objection. This court has, therefore, reviewed the Report for clear error. Having done so, the court concludes that the matter should be dismissed without prejudice, but solely for failure to prosecute given that this was the primary concern to which Plaintiff was alerted by the earlier order.[2]  Fed. R. Civ. P. 41(b).

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted except to the extent modified above and this action is dismissed without prejudice.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 8, 2009

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\08cv2532 Robinson v Worsley- pro se no obj dismiss for non service.wpd

---

[2] This is not to find that service was properly effected. Rather, the court concludes that *if* service was properly effected, the Plaintiff has failed to properly advance her claim. If service was not properly effected, then that failure would constitute not only a failure under Rule 4, but *also* a failure to prosecute under Rule 41(b).

3